(No. 3805— 

JOHN LEWSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

*Rehearing denied January 12, 1944.*

CLARENCE B. DAVIS, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

The claimant, John Lewson, on June 30, 1943, filed his claim in this court for $4,000.00 and interest from September 1, 1923. He alleges that from 1916 to 1922 he was employed by the Attorney General of the State of Illinois to edit and compile the opinions and to prepare the biennial report of the Attorney General at an annual salary of $3,600.00; that in July, 1922, at the request of the Attorney General, he agreed to continue these services at a reasonable compensation to be determined thereafter; that in accordance with the agreement, he compiled the opinions and prepared the report of the Attorney General for the biennium 1921-1922; and that the sum of $4,000.00 was and is the usual, customary, and reasonable sum to be paid for such services.

Claimant also alleges that on November 10, 1923, he filed claim in this court for the sum of $4,000.00 for said

services; that the matter was heard by the court, and "for purely technical reasons and not upon the merits" the court dismissed the claim; that such dismissal was contrary to the evidence and unfounded both as to the facts and as to the law applicable thereto. The claimant alleges that subsequently appropriation bills were prepared and introduced at several sessions of the Illinois General Assembly for an appropriation to pay this claim; that these various bills remained in committee and were not reported out; that because of Section 13 of the Court of Claims Act, which provides that no appropriation shall be made by the General Assembly to pay any claim or demand over which the Court of Claims has jurisdiction unless an award therefor has been made by the Court of Claims, he is unable to secure an appropriation from the Legislature for the payment of his claim; that said Section 13 is unconstitutional.

The respondent has filed its motion to dismiss the claim on the ground that it is barred by the statute of limitations, and by the application of the rule of res adjudicata. Claimant has filed his motion to strike the motion of the respondent on the ground that the claim as now filed is based upon a quantum meruit for services rendered to the State of Illinois and not upon a breach of contract, as was the claim filed on November 10, 1923, and on the ground that the rule of res adjudicata is not applicable to an order of dismissal by this court.

The motion of the claimant to strike the motion of the respondent must be denied, and the motion of the respondent must be granted. It is immaterial whether or not the present and the original claim are the same. If the claim as filed on June 30, 1943, differs from the claim filed on November 10, 1923, the present claim is barred by Section 10 of the Court of Claims Act. This

section provides that every claim against the State, cognizable by this court, shall be forever barred unless it is filed within five years after it first accrues. From the face of the complaint it appears that this claim was not filed within such five-year period. The court would therefore be without jurisdiction to make an award, and a plea of the statutory limitation would be sustained. *Miller* vs. *State,* 11 C. C. R. 490; *Chicago Park District* vs. *State,* 11 C. C. R. 499.

On the other hand, if the claim now filed is the same as the claim filed on November 10, 1923, it has already been heard and determined by this court. *Lewson* vs. *State,* 5 C. C. R. 80. That claim, having been heard by this court and denied, cannot now be reopened.

It is unnecessary to pass upon the constitutionality of Section 13 of the Court of Claims Act. If this section were unconstitutional, it would afford no ground for an award in this case.

Claimant's motion to strike motion of the respondent is denied, and respondent's motion to dismiss the claim is granted. Claim dismissed.